IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 2:19-CR-8-6 |
| | ) |
| AHMAD FLETCHER, | ) |
| | ) |
| Defendant. | ) |

## OPINION

Before the Court is Defendant Ahmad Fletcher's expedited motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) following amendments to the United States Sentencing Guidelines, which became effective on November 1, 2023. ECF 3975. Mr. Fletcher asks the Court to reduce his sentence to time served in accordance with Amendment 821. *Id.* After carefully considering Amendment 821 and the applicable policy statements, the Presentence Investigation Report ("PSR"),[1] the relevant sentencing materials of record, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that Mr. Fletcher's sentence remains appropriate and so will deny the motion.

## BACKGROUND

Mr. Fletcher was charged in a multi-defendant indictment with conspiracy to distribute and possess with intent to distribute Schedule I, II, and III controlled substances in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). ECF 501. He pled guilty to the conspiracy to

---

[1] Mr. Fletcher waived his right to a PSR before sentencing. ECF 2196. Instead, the Court ordered that Mr. Fletcher's counsel be provided with a PSR prepared for Mr. Fletcher's prior federal case (1:15-cr-267 (N.D. Ohio)). ECF 1991. The Court reviewed the PSR from this case.

commit money laundering at Count Two of the superseding indictment. ECF 2192, 2194, 2195.[2]

The Court conducted a combined change of plea and sentencing hearing on July 15, 2020. ECF 2192. Mr. Fletcher's offense level was 13, and his criminal history score was 8, which established a criminal history category of IV. ECF 2289, 25:8-18. Relevant to this motion, Mr. Fletcher's criminal history score was 8 because he received a two-point increase under the then-current version of U.S.S.G. § 4A1.1 for committing the offense while imprisoned. As reflected in the Sentencing Table in Chapter 5 of the Guidelines, an offense level of 13 and a criminal history category of IV resulted in a Guidelines range of imprisonment of 24 to 30 months. U.S.S.G. Ch. 5, pt. A.

The Court imposed a 24-month sentence of imprisonment. ECF 2199. In consideration of what appeared to be Mr. Fletcher's genuine remorse, the Court ordered that 12 months be served concurrently and 12 months consecutively with his sentence at case number 1:15-cr-267 in the Northern District of Ohio. *Id.*; ECF 2289, 37:5-10, 38:6-39:1. Mr. Fletcher completed his sentence in that case (and thus the 12 months of his sentence here that overlapped). He is now serving the remaining 12 months of his sentence and is eligible for release on December 26, 2024, around six months from now. ECF 3975, p. 2.

## DISCUSSION & ANALYSIS

Mr. Fletcher moves to reduce his sentence based on Amendment 821 of the Sentencing Guidelines. He argues that under Amendment 821's revisions to U.S.S.G. § 4A1.1, the Guidelines provision governing the calculation of a defendant's criminal history category, he is eligible for a six-month reduction in his term of imprisonment,

---

[2] Under the parties' plea agreement, the government dismissed Count One at sentencing. ECF 2192, 2194.

from 24 to 18 months. Because only six months remain on his sentence, he requests a new sentence of time served. Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(d), (e)(2).

For a defendant sentenced to a term of imprisonment based on a sentencing range that has later been lowered by the Sentencing Commission, the Court may reduce the term of imprisonment after considering the Section 3553(a) factors to the extent they are applicable, if such a reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2). Thus, to reduce Mr. Fletcher's sentence, the Court must find that he is eligible for a reduction under U.S.S.G. § 1B1.10, and that the reduction is warranted by weighing the Section 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826 (2010).[3]

After careful consideration, the Court holds that Mr. Fletcher is eligible for the reduction under step one of the Section 3582 analysis, but his motion fails at step two. *See id.* at 827 (laying out steps).

## I. Step One: Mr. Fletcher is eligible for a sentence reduction under U.S.S.G. § 1B1.10.

At step one, the Court must find that Mr. Fletcher is eligible for a reduction under U.S.S.G. § 1B1.10. *See Dillon*, 560 U.S. at 827. In turn, U.S.S.G. § 1B1.10 tasks the Court with "determin[ing] the amended guideline range that would have been applicable to the defendant if [Amendment 821] had been in effect" when the Court sentenced Mr. Fletcher. U.S.S.G. § 1B1.10(b)(1).

---

[3] In making this determination, a new sentencing hearing is not required, and the Court finds here that such a hearing would not be helpful, given the record previously made at the sentencing hearing in this case. *United States v. Montgomery*, 398 F. App'x 843, 845 (3d Cir. 2010) (no evidentiary hearing required where there was "no evidentiary issue to resolve" and hearing "would not have changed the result in this case"); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009) (whether to hold hearing on a Section 3582(c)(2) motion is in district court's discretion).

The Court agrees with Mr. Fletcher that he is eligible for a reduction under the revised Section 4A1.1.  Under subsection (d) of the prior version of Section 4A1.1, defendants received two criminal history points if they committed the instant offense while under any criminal justice sentence.  U.S.S.G. § 4A1.1(d) (Nov. 1, 2021).  Under the new subsection (e) of Section 4A1.1, defendants receive one criminal history point if they commit the instant offense while under any criminal justice sentence, and only receive that point if they received seven or more points under other Section 4A1.1 subsections.  U.S.S.G. § 4A1.1(e).

Mr. Fletcher wouldn't receive the one-point increase under the current Section 4A1.1(e) because he had only six criminal history status points at the time of sentencing.  With six status points, Mr. Fletcher's criminal history category would be III.  An offense level of 13 and a criminal history category of III result in a Guidelines range of imprisonment of 18 to 24 months.  U.S.S.G. Ch. 5, pt. A.  That is consistent with Mr. Fletcher's request for a reduction in his sentence to 18 months.[4]

## II.     Step Two: the two-level offense level reduction is unwarranted.

At step two, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

---

[4] The government suggests that because the Court effectively sentenced Mr. Fletcher to 12 months of imprisonment, the requested 18-month sentence would be an increase, unless the Court ordered some or all of it to be served concurrently with his prior sentence.  ECF 3981, p. 2.  The government then asserts that would be impossible, as Mr. Fletcher has already completed his prior sentence.  *Id.* (citing *United States v. Good*, No. 16-208, 2024 WL 361345 (W.D. Pa. 2024) (Conti, J.)).  The Court disagrees.  Unlike the defendant in *Good*, Mr. Fletcher is seeking a reduction in the same sentence he is currently serving; that part of his sentence overlapped with his prior sentence is irrelevant.  2024 WL 361345, at *1 & n.2.

After careful consideration, the Court finds that the Section 3553(a) factors don't support reducing Mr. Fletcher's sentence. Mr. Fletcher was one of 48 defendants indicted in this case. The Court had to carefully weigh the relative culpability of these defendants at sentencing, and already gave Mr. Fletcher a considerable break when it effectively reduced his sentence to 12 months. To reduce his effective sentence further—to 6 months—would create disparate sentencing outcomes. Moreover, Mr. Fletcher was sentenced for conspiring to launder drug trafficking proceeds, which he did while he was already imprisoned for a separate drug trafficking crime. Another sentence reduction would therefore be in tension with the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of it.

Mr. Fletcher argues that the requested reduction is appropriate because it "is consistent with the need to protect the public from future crimes," referring to the Sentencing Commission's conclusion that status points don't improve the predictive value of the criminal history score as much as originally thought. ECF 3975, pp. 4-5. He similarly points to his being evaluated at a low risk of recidivism. *Id.* pp. 5 (citing FSA Recidivism Risk Assessment), 6 (citing PATTERN assessment). He notes that he has "grown and matured" and "is remorseful for his crime." *Id.* at 6. He also directs the Court to his "good and constructive conduct while in prison[,]" including his participation in evidence-based recidivism reduction programming, his pursuit of educational and occupational courses and certification in a national trade, and his employment as a tutor. *Id.* at pp. 5-6.

These are all positive developments, but the Court doesn't give them more weight than the Section 3553(a) factors supporting denial of his motion. *See, e.g.*, *United States v. Alejandres*, No. 20-218-3, 2024 WL 1256302, at *5 (W.D. Pa. Mar. 25, 2024) (Hardy, J.) ("[A]lthough Defendant has undertaken laudable post-sentencing

conduct, including participating in vocational and drug treatment programs, working as an orderly, and remaining free of disciplinary infractions . . . the Court does not believe that this factor warrants the sentence reduction he seeks considering the relevant § 3553(a) discussed herein." (cleaned up)); *United States v. Martinez*, No. 19-62, 2024 WL 1415684, at *11 (W.D. Pa. Apr. 2, 2024) (Fischer, J.) (holding defendant's post-sentencing conduct, including good conduct and completion of course offerings, were laudable but "expected" and didn't warrant a sentence reduction).

The Court also hesitates to credit his "good and constructive conduct" considering Mr. Fletcher's spotty prison disciplinary record. Maybe, as Mr. Fletcher contends, he wasn't culpable for the May 2023 infraction regarding the possession of a shank. Maybe not. But that is only the most serious of the ten sanctions cited by the government. ECF 3981, pp. 11-13. While even a clean disciplinary record doesn't guarantee a sentence reduction, a spotty record doesn't help. *See, e.g.*, *United States v. Rodriguez*, 855 F.3d 526, 532 (3d Cir. 2017), *as amended* (May 1, 2017) (affirming district court's denial of Section 3582(c)(2) motion despite lack of post-sentence misconduct); *Alejandres*, 2024 WL 1256302, at *5 (denying Section 3582(c)(2) motion despite defendant "remaining free of disciplinary infractions").

For these reasons, and as provided for in the sentencing record, Mr. Fletcher's 24-month sentence remains sufficient, but not greater than necessary, to meet the goals of sentencing. His proposed reduction is therefore unwarranted.

## CONCLUSION

For the above reasons, the Court will deny Mr. Fletcher's motion for a sentence reduction. An appropriate order follows.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge